UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Donna Wilson, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-3122 |
| | § | |
| Universal MRI & Diagnostics, Inc., | § | |
| | § | |
| Defendant. | § | |

## Opinion on Dismissal

1.    *Introduction.*

A woman sued her employer, saying it did nothing to stop sexual harassment, retaliated, and caused her emotional distress. It says she cannot show facts to support her complaint. It will prevail.

2.    *Background.*

In 1995, Donna Wilson started working at Universal MRI & Diagnostics, Inc. On Thursday, July 22, 2010, she argued with a co-worker, Raul DeValle, who accused her of an affair at work. The next day she says that he asked her if she was afraid of him and thought he was going to rape her. Alarmed, she told a supervisor after he left work. The next Monday morning, she came to work and found furniture strewn in her office. She also saw DeValle walking around the office, slamming doors, and mumbling. She immediately called the supervisor and said that she feared for her safety. Either that day or a few weeks later, the supervisor asked for a written explanation of what had happened.

At an unknown time later, Universal moved him temporarily to another location. By September 14, he returned to working at her location twice a week and was told to avoid her. At some point – it is unclear when – Universal changed her schedule so that she would not work on the same days as DeValle.

On September 22, 2010, she quit.

3.    *Harassment.*

Wilson says that she was sexually harassed because Universal did not deal effectively with DeValle, creating a hostile workplace and compelling her to quit because it ignored her complaints.

She has nothing to support her claims of harassment and retaliation. She says that she was subjected to two months of sexual harassment, but can only identify two incidents. Mumbling, slamming doors, and asking if another worker is afraid are not examples of sexual discrimination. They are manifestations of a disturbed person.

Assuming sexual harassment, in response to her complaints Universal moved him temporarily and changed her schedule. Wilson is not entitled to dictate the company's response. She cannot show that it ignored her fears or fostered an environment of sexual harassment.

She has offered no facts that it retaliated or was even planning to retaliate. Changing her schedule was not punishment. It was meant to solve the problem.

4.    *Distress.*

Wilson says that because Universal did not control DeValle, it intentionally hurt her. Her claim of intentional infliction of emotional distress is precluded by her claim of sexual harassment and retaliation.[1]

Even if she were not barred from bringing it, she has no basis to recover. Her complaint is a litany of adjectives with no supporting facts. She calls Universal's behavior outrageous, odious, intimidating, wanton, reckless, atrocious, and intolerable. It responded to her complaints and moved her away from DeValle. An employer cannot possibly be asked to preempt isolated instances of one worker's saying something strange, violent, or sexual to another.

Universal accommodated her and responded constructively.

5.    *Conclusion.*

Donna Wilson complained to her employer about another worker's conduct. It responded by changing her schedule, and she quit. With no factual basis, she sued for sexual harassment, retaliation, and emotional distress. Donna Wilson will take nothing from Universal   MRI & Diagnostics, Inc.

---

[1] *Hoffmann-La Roche, Inc. v. Zeltwanger,* 144 S.W.3d 438, 447 (Tex. 2004).

Her case would otherwise be dismissed for want of prosecution, since her counsel did not appear for a conference on December 14, 2011, and has not explained his absence in the seven weeks since.

Signed on February 2, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge